# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv439

| | |
|---|---|
| B. D., by her parent, Heidi Dragomir, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED** |
| Vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| JANA GRIGGS; MARY WATSON; ) | |
| ALEXA POSNY; JULIAN MANN III; ) | |
| GEORGE MILLER; and BUNCOMBE ) | |
| COUNTY BOARD OF EDUCATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the following motions:

(1)  defendant Alexa Posny's Motion to Dismiss (#12);

(2)  defendants Buncombe County Board of Education's and Jana Griggs' Motion to Dismiss (Rule 12(b)(6)) (#23);

(3)  defendants Buncombe County Board of Education's and Jana Griggs' Motion to Dismiss (Rule 12(b)(1)) (#25);

(4)  defendant Julian Mann, III's Motion to Dismiss (#27);

(5)  defendant George Miller's Motion to Dismiss (#36); and

(6)  defendant Mary Watson's Motion to Dismiss (#42).

As to each of the motions to dismiss, the court advised plaintiff, who is proceeding

*pro se*, as to the nature of the motion, her obligation of filing and serving a response, and specifying the time within which she must so respond. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). In addition to the above motions, plaintiff has also filed a Motion for Entry of Default as to Congressman George Miller (#32).

The court has carefully considered plaintiff's Complaint, defendants' motions, briefs, and replies, and plaintiff's responsive briefs as well as her own motion. For the reasons that follow, the undersigned must recommend to the district court that this action be dismissed in its entirety and that plaintiff's Motion for Entry of Default be denied.

**FINDINGS AND CONCLUSIONS**

**I.      Background**

Heidi Dragomir filed this action *pro se* on December 9, 2009. While Ms. Dragomir cites Title 42, United States Code, Sections 1983 and 1985 as the jurisdictional basis for this lawsuit, Complaint, at p. 2, she also lists a number of other federal and state statutes that she contends provides this court with subject-matter jurisdiction. Id., at p. 5.

The crux of her Complaint is that the civil rights of her daughter, B.D., have been violated because she has allegedly been denied equal access to educational opportunities in the public schools of Buncombe County, North Carolina. While the

Complaint does not specify who is responsible for such alleged violation, she states that the "entire Public Educational System" is to blame. Id., at p. 6.

***

The court has carefully considered whether Ms. Dragomir is attempting to bring an IDEA claim on her own behalf. See Winkleman v. Parma City School District, 550 U.S. 516 (2007). While the IDEA is referenced in the Complaint and plaintiff takes issue with the educational plan developed for B.D., Ms. Dragomir seeks to vindicate the *civil rights* of her daughter under Sections 1983 and 1985 and to have this court restrain Congress and correct congressional findings. See Compl., at p. 7; see also Response (#46)(wherein plaintiff sets forth that the relief she seeks is for Congressman Miller to change the law). While the court liberally construes *pro se* pleadings in favor of the existence of a cause of action, it is clear to this court that plaintiff is not contending that her child has been denied a free appropriate education in Buncombe County or that such denial has *resulted* in a violation of parental rights under the IDEA. Instead, Ms. Dragomir appears to be frustrated with the *status quo* of federal educational law and seeks to change it through this proceeding. As discussed in relation to Berrios v. New York City Housing Authority, infra, plaintiff simply cannot champion a *civil rights claim* on behalf of her child without being appointed as guardian and retaining counsel. In the alternative, if the district court

were to find that an IDEA claim has been stated, plaintiff's claim would be implausible under Rule 12(b)(6) inasmuch as the legislative power is vested in the Congress as provided in Article I, Section 1 of the United States Constitution. The undersigned has been cautious in entering this recommendation, heeding the reasoning of <u>Berrios v. New York City Housing Authority</u>, <u>infra</u>, so as not to jeopardize any possible claims that the minor plaintiff might in fact have if properly represented by a lawful guardian and skilled attorney. Likewise, under <u>Winkelman</u>, the court does not desire to terminate with prejudice any parental claim Ms. Dragomir may have but has failed to plead.

**II.     Discussion**

While subject-matter jurisdiction is a threshold concern, <u>Cite</u>, the court is also concerned with the patent lack of standing Ms. Dragomir has in bringing this action on behalf of B.D., which is compounded by the lack of assistance from counsel. Minors may not appear as litigants in federal civil procedures without the assistance of guardians *ad litem*:

> **(c)     Minor or Incompetent Person.**
> **(1) With a Representative.**
> The following representatives may sue or defend on behalf of a minor or an incompetent person:
> (A)     a general guardian;
> (B)     a committee;
> (C)     a conservator; or
> (D)     a like fiduciary.

> **(2) Without a Representative.**
> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. **The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.**

Fed.R.Civ.P. 17(c)(emphasis added). That Ms. Dragomir is B.D.'s parent is not sufficient to enable her to bring an action on behalf of B.D. in this court. Ms. Dragomir has never filed a motion with the court to be appointed as B.D.'s guardian *ad litem* and, further, it would be wholly inappropriate to do so inasmuch as Ms. Dragomir is attempting to pursue legal rights of another without the assistance of counsel, which amounts to the unauthorized practice of law. Put another way, while Ms. Dragomir has shown a genuine concern for protecting the legal rights of B.D., concern is not a substitute for the legal knowledge necessary to pursue legal claims of another person. Indeed, the court need look no further than the Complaint filed in this matter for evidence that a minor plaintiff's legal rights cannot be adequately protected by a guardian ad litem who purports to act not only in a representative capacity, but acts as counsel.

While each defendant has come forward with compelling reasons why this action should be dismissed under Rule 12, Federal Rules of Civil Procedure, the court simply cannot reach the merits of the bulk of such issues as B.D. is not properly before the court. The Second Circuit Court of Appeals explained, as follows:

The fact that a minor or incompetent person must be represented by a next friend, guardian *ad litem*, or other fiduciary does not alter the principle . . . that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation. "[W]ithout ... counsel, the case will not go forward at all." *Wenger*, 146 F.3d at 125.

A party in a civil case has no constitutionally guaranteed right to the assistance of counsel. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981), *cert. denied*, 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 176 (1982).

\* \* \*

What the court may not properly do, however, is make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented. *See, e.g., id.; Cheung*, 906 F.2d at 62; Fed.R.Civ.P. 17(c)(2). *Accord Gardner by Gardner v. Parson*, 874 F.2d 131, 141 (3d Cir.1989) ("Because Patsy [a severely mentally retarded teenager] was without a representative when the court dismissed her claims, and was otherwise unprotected, the court was without authority to reach the merits of those claims."). As the sufficiency of a complaint to state a claim on which relief may be granted is a question of law, *see, e.g., De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir.), *cert. denied*, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996); *McCall v. Pataki*, 232 F.3d at 322-23, the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects, *see, e.g., Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 399 & n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (discussing dismissal pursuant to Fed.R.Civ.P. 12(b)(6)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir.2002) (" *Cieszkowska*") (discussing dismissal pursuant to 28 U.S.C. § 1915). Such a judgment "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc.*, 452 U.S. at 398, 101 S.Ct. 2424. "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska*, 295 F.3d at 205 (internal quotation marks omitted). Thus, in *Cieszkowska*, we affirmed the dismissal of an *in forma pauperis* complaint on the ground of *res judicata* where the plaintiff's

prior complaint arising out of the same events, albeit raising a different legal theory, had been dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. *See* 295 F.3d at 205-06. **Where the owner of a claim is a minor or incompetent person, therefore, unless that claimant is properly represented by a guardian *ad litem*, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an attorney, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted.**

Berrios v. New York City Housing Authority, 564 F.3d 130, 134 -135 (2nd Cir. 2009)(citation omitted; emphasis added). In similar circumstances, Honorable L. Patrick Auld, United States Magistrate Judge, Middle District of North Carolina, held recently as follows:

> given that Plaintiff has brought suit in her own name, but identified only alleged misconduct perpetrated against another, she lacks standing to pursue the claims in the Complaint and this Court thus lacks jurisdiction to hear them.
> This defect renders Plaintiff's Complaint "frivolous [because] it lacks an arguable basis ... in law" . . . .

Verbal v. Krueger, 2010 WL 276644, *2 -*3 (M.D.N.C. Jan. 15, 2010)(citations omitted).[1]

Likewise, Ms. Dragomir's lack of standing is the overriding concern in this matter. Even if the court were to appoint Ms. Dragomir (or another competent adult) as B.D.'s guardian *ad litem*, such would be an exercise in futility as the legal interests

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

of a plaintiff, who proceeds through a guardian *ad litem,* cannot be adequately protected without such guardian being either an attorney or assisted by an attorney. The undersigned must, therefor, recommend that this action be dismissed in its entirety without prejudice to the legal interests of B.D. as Ms. Dragomir lacks standing. Smith v. Frye, 488 F.3d 263, 272 (4th Cir. 2007).

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that this action be **DISMISSED** in its entirety without prejudice as to any legal claims or rights of B.D., which may only be asserted by B.D. through a guardian ad litem who is either an attorney or represented by an attorney, or upon B.D. reaching her majority.

**IT IS FURTHER RECOMMENDED** that

(1) defendant Alexa Posny's Motion to Dismiss (#12);

(2) defendants Buncombe County Board of Education's and Jana Griggs' Motion to Dismiss (Rule 12(b)(6)) (#23);

(3) defendants Buncombe County Board of Education's and Jana Griggs' Motion to Dismiss (Rule 12(b)(1)) (#25);

(4) defendant Julian Mann, III's Motion to Dismiss (#27);

(5) defendant George Miller's Motion to Dismiss (#36);

(6) defendant Mary Watson's Motion to Dismiss (#42); and

(7) plaintiff has also filed a Motion for Entry of Default as to Congressman George Miller (#32),

be **DENIED** without prejudice as they are mooted by Ms. Dragomir's lack of standing to bring this action.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: June 9, 2010

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge