# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv439

| | |
|---|---|
| B.D., by her parent, Heidi Dragomir, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER OF DISMISSAL** |
| ) | |
| JANA GRIGGS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following:

1. Motion to Dismiss by Defendant Alexa Posny (Posny) [Doc. 12];

2. Motion to Dismiss [Doc. 23] (Fed.R.Civ.P. 12(b)(6)) of Defendant the Buncombe County Board of Education (Board) and Defendant Jana Griggs (Griggs);

3. Motion to Dismiss [Doc. 25] (Fed.R.Civ.P. 12(b)(1)) of the Defendant Board and Defendant Griggs;

4. Motion to Dismiss on Behalf of Defendant [Julian] Mann [III] (Mann) [Doc. 27];

5. Motion: Entry of Default [Doc. 32] of the Plaintiff;

6. Motion to Dismiss of Defendant Congressman George Miller (Miller)

[Doc. 36]; and

7.	Defendant Mary Watson's (Watson) Motion to Dismiss [Doc. 42].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider these motions and to submit recommendations for their disposition.

On June 8, 2010, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 50] in which he recommended dismissing the action without prejudice due to the lack of standing of Heidi Dragomir (Dragomir) to bring suit on behalf of her minor child, and that the motions otherwise be denied as moot. On June 9, 2010, the Magistrate Judge filed an Amended Memorandum and Recommendation [Doc. 51] which contained the same recommendation.

On June 28, 2010, Dragomir filed objections to the recommendation to which she attached 282 pages of exhibits.

## PROCEDURAL BACKGROUND

The eight page Complaint which Dragomir filed in this matter has attached thereto almost one hundred pages of exhibits. [Doc. 1]. Dragomir captioned the complaint as "B.D. by her parent Heidi Dragomir, Plaintiff."[1] [Id.,

---

[1] The name of the minor child has been abbreviated to protect her identity.

at 1]. Dragomir used a form civil rights complaint which referenced 42 U.S.C. §§1983 & 1985. [Id., at 2]. In describing the nature of the case, Dragomir stated that her daughter's "civil right of equal access to education" had been violated. [Id., at 5]. Instead of making allegations as to each Defendant, she stated that "[t]he entire Public Educational System, starting locally, has failed and harmed" B.D. [Id.]. Dragomir claims the system encouraged a discrepancy between regular and special education. [Id.]. Although not specifically alleged, Dragomir apparently believes this occurred because B.D. was marked as progressing toward her individualized education program (IEP) goals prior to 2008 but marked thereafter as not making progress toward those goals. [Id., at 5, ]. Because of this, B.D. will not be able to graduate with her class. [Id.]. The relief that Dragomir seeks is placement in a regular educational setting instead of special education. [Id., at 7]. This is to be accomplished by correcting the findings of the Defendants to comply with the IDEA.[2] [Id.]. Included in the voluminous exhibits are copies of the IEPs developed for Dragomir's daughter by the Board over a period of years. [Docs. 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8]. Although Dragomir claims that she received appeal rights after the dismissal of her due process case by the Office of Administrative Hearings, she has not placed a copy of that

---

[2]Individuals with Disabilities Education Act, 20 U.S.C. §§1400, *et. seq*.

notification in the record. [Doc. 1, at 6].

The Defendants moved to dismiss on various grounds. Defendant Posny, who is the Assistant Secretary for the Special Education and Rehabilitation section of the United States Department of Education moved to dismiss because she was not served. [Doc. 13, at 1]. Posny also noted that despite being named in the caption, there was not a single allegation in the Complaint concerning her, any acts or omissions by her or other grounds for naming her as a defendant. [Id., at 1-2]. Posny therefore moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(6). In response, Dragomir stated that as the Secretary, Posny is liable for conduct at the state and local level. [Doc. 31]. Nothing more specific as to Posny is alleged.

The Board and Griggs moved to dismiss based on failure to state a claim pursuant to Rule 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). [Doc. 24; Doc. 26]. Griggs argued that despite being named in the caption, the Complaint did not contain any allegation directed toward her. [Doc. 26]. Both defendants argued that the allegations in the Complaint were too vague to state a claim. [Doc. 24]. The most that may be gleaned, they argued, was that B.D. had been making progress toward her IEP goals prior to 2008 but failed to do so thereafter. [Id., at 3].

This allegation, they claimed, was insufficient to state a claim for relief. [Id.]. They also argued that although references had been made to due process hearings, nothing had been placed in the Complaint to show the exhaustion of administrative relief or the receipt of a right to appeal. Dragomir replied that Griggs was liable for the actions of the Board and vice versa. [Doc. 38]. Dragomir believes there is an overriding desire by the Board and Griggs to place B.D. in a special education setting. [Id.]. Dragomir described Griggs as "the ring leader at the local level [who] accordingly has stepped in when others could not execute the needed violations" and "oust" B.D. from her classroom and school. [Doc. 35, at 1-2]. Attached to this response were two hundred eight pages of exhibits.

Defendant Mann moved to dismiss for lack of personal jurisdiction, insufficient service of process and failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(2), (b)(5) and (b)(6). [Doc. 27-1]. Citing Myers v. Loudoun County Public Schools, 418 F.3d 395, 401 (4th Cir. 2005), Mann argued that Dragomir may not litigate B.D.'s claims in a *pro se* capacity. [Doc. 27-1, at 3]. He also noted that the only allegations against him were that two due process hearings had been heard and decided and that Dragomir had been given appeal rights. [Id., at 4]. This, he argued, failed to state any claim of harm by him. [Id.]. Dragomir's response was that she would

5

dismiss the action against Mann if he would change the administrative decision written by Judge Selina Brooks. [Doc. 39, at 2]. Dragomir does not dispute that she received due process hearings and was provided an appeal right to bring an action in federal court.

Defendant Miller moved to dismiss for failure to state a claim upon which relief may be granted, noting that no allegations were made against him. [Doc. 36-1]. The Complaint alleges that Michael Zola, Chief Investigative Counsel for the Oversight Staff of the Education and Labor Committee, had conducted an investigation which did not reflect Congress' intent in passing the IDEA. [Id.]. In what manner this implicated Miller was not specified in the Complaint. Miller also noted that he had not been properly served. [Id., at 8]. Dragomir responded that Miller as Chairman of the Committee of Education and Labor has a responsibility to make sure constitutional guarantees are provided. [Doc. 46, at 1]. She admits, however, that Miller was not properly served. [Id., at 11]. Dragomir attached over fifty pages of exhibits to this response.

Dragomir's admission that she failed to properly serve Miller renders moot her motion for entry of default against him. [Doc. 32]. In any event, Miller had sixty days after service to answer or otherwise appear, making his motion to dismiss, filed March 31, 2010, timely in view of the purported service date of February 22, 2010. Fed.R.Civ.P. 12(a)(2).

6

Defendant Watson moved to dismiss pursuant to Rule 12(b)(5) for insufficient service of process. [Doc. 43]. Like the other Defendants, Watson noted that although she had been named in the caption, "neither Defendant Watson nor the North Carolina Department of Public Instruction is even mentioned through the entire complaint." [Id., at 6]. She therefore also moved to dismiss for failure to state a claim. [Id., at 7-8]. In response, Dragomir claims that service was properly effected by an unidentified individual. [Doc. 47, at 1-2]. Dragomir does not make a single allegation against Watson. [Id., at 1-7].

## STANDARD OF REVIEW

The Magistrate Judge recommended dismissal without prejudice of the action based on lack of standing. Because of that recommendation, he did not reach the motions to dismiss. As discussed *infra*, the Court adopts the Magistrate Judge's recommendation in part and, in the interest of judicial economy, will reach the motions to dismiss. Because disposition of the claims is appropriate pursuant to Rule 12(b)(6), it is unnecessary to reach other grounds for relief.

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle

7

v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). To the extent that general objections are made, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether).

"[A]n IDEA action filed in federal district court is properly characterized as an original 'civil action,' not an 'appeal.'" Jonathan H. v. The Souderton Area School Dist., 562 F.3d 527, 529 (3rd Cir. 2009), *citing* 20 U.S.C. 1415(i)(2)(A). "Because a case brought pursuant to the IDEA is an original civil action rather than an appeal, it is governed by the Federal Rules of Civil Procedure." Id.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 174, 167 L.Ed.2d 929 (2007). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated

a claim entitling [her] to relief, *i.e.*, the 'plausibility of entitlement to relief.'"

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), *quoting* Twombly, 550 U.S. at 570.

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." This approach recognizes that "naked assertions" of wrongdoing necessitate some 'factual enhancement' within the complaint to cross "the line between possibility and plausibility of entitlement to relief."
>
> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief,'" as required by Rule 8. ... [E]ven though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Id., *quoting* Twombly, 550 U.S. at 555, 557 and Iqbal, 129 S.Ct. at 1950.

## DISCUSSION

**The Magistrate Judge's Memorandum and Recommendation.**

Dragomir objected to the conclusion in the Magistrate Judge's recommendation that she has no standing to bring this action. She claimed in the objection that her Complaint is based on the IDEA. [Doc. 52, at 1-3]. To

9

support that argument, Dragomir states her daughter was denied a free appropriate education (FAPE) "due to discrimination 1985, not providing for Extended School Year Services over the summer although rightfully qualified, falsifying B.D.'s report card involving all school staff, conspiracy 1983." [Id., at 3]. The latter comments appear to refer to the §§1983 and 1985 claims alleged in the Complaint. Dragomir does not object to the Magistrate Judge's recommendation that she lacks standing to assert those claims.

Dragomir cites Winkelman *ex rel*. Winkelman v. Parma City School Dist., 550 U.S. 516, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007), in support of her argument that she has independent, enforceable rights under the IDEA which she may pursue in a *pro se* capacity. In Winkelman, the Supreme Court "held that parents do have individually enforceable substantive rights under the IDEA." Blanchard v. Morton School District, 509 F.3d 934, 936 (9th Cir. 2007), *certiorari denied* 552 U.S. 1231, 128 S.Ct. 1447, 170 L.Ed.2d 276 (2008). The Court further held that "those rights were sufficient to permit a parent to appear *pro se* in pursuit of IDEA remedies to secure for a child the free appropriate public education guaranteed under §1415 of the IDEA." Id. Thus, to the extent that Dragomir seeks to pursue her rights, as opposed to those of her daughter, she may assert her interests under the IDEA in a *pro se* capacity. Id.; United States *ex rel.* Mergent Services v. Flaherty, 540 F.3d 89,

10

94 n.2 (2nd Cir. 2008). The Court thus finds that Dragomir's IDEA claim may not be dismissed for lack of standing.

The Supreme Court has not spoken to the issue of whether a non-attorney parent may litigate in a *pro se* capacity his or her minor child's IDEA claim. Elustra v. Mineo, 595 F.3d 699, 705 (7th Cir. 2010) (noting the Supreme Court "explicitly" did not reach that issue); Chambers *ex rel.* Chambers v. School Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 183 n.9 (3rd Cir. 2009) (noting the Court did not reach the issue); D.K. *ex rel.* Kumetz-Coleman v. Huntington Beach Union High School Dist., 554 F.3d 780 (9th Cir. 2009) ("Because the IDEA rights of parents and children are generally coterminous, the issue ..., whether the parents may also represent their minor child's IDEA rights *pro se*, is not ripe. Unless and until the rights or interests of the parents diverge from those of the child, a ruling on the issue would be advisory."). Although the Fourth Circuit has not provided a ruling specific to this issue, it has indicated that the parent and child are distinct legal entities for purposes of the IDEA. See, *e.g.* Emery v. Roanoke City School Bd., 432 F.3d 294, 299 (4th Cir. 2005) ("While the IDEA affords parents procedural rights to compel the school district's compliance with the IDEA, these rights stem solely from their disabled child's inability to pursue a remedy due to his incapacity. Thus, "parents and children are distinct legal entities under the

11

IDEA.") (citations omitted). Because the issue has not been explicitly resolved, the Court concludes that it remains the law in this Circuit that the right to proceed *pro se* in federal court does not give non-lawyer parents the right to represent their children. Loudoun County Public Schools, 418 F.3d at 401. As a result, and out of an abundance of caution, this Court will not allow Dragomir to litigate in a *pro se* capacity the IDEA claims of B.D. See, *e.g.*, Hunter v. Indiana School Dist., 2010 WL 1333232 **5 (W.D.Pa. 2010); B.J.S. v. State Educ. Dept./University of State of New York, 2010 WL 502796 **2-3 (W.D.N.Y. 2010); Kilroy v. Maine, 2010 WL 145294 **1 (D.Me. 2010).

Dragomir does not object to the Magistrate Judge's recommendation that the action be dismissed without prejudice as to the §1983 and §1985 claims due to lack of standing. The Court finds his recommendation, based on Loudoun County Public Schools, 418 F.3d at 401, to be accurate and adopts it.[3]

**The motions to dismiss for failure to state a claim.**

---

[3] Indeed, the comprehensive enforcement scheme of the IDEA shows that Congress intended to preclude claims pursuant to 42 U.S.C. §§1983 & 1985 for the violation of rights under the IDEA. Sellers v. School Board, 141 F.3d 524, 529 (4th Cir. 1998), *certiorari denied* 525 U.S. 871, 119 S.Ct. 168, 142 L.Ed.2d 137 (1998); *accord*, Blanchard, 509 F.3d at 936-38; A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 797-803 (3rd Cir. 2007); Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 28 (1st Cir. 2006); Padilla v. Sch. Dist. No. 1, 233 F.3d 1268, 1273 (10th Cir. 2000).

Having determined that Dragomir has standing to assert a claim only under the IDEA, the Court must address whether she has stated a claim thereunder upon which relief can be granted as to the named Defendants. The Court has carefully reviewed the Complaint but cannot find in what manner it states any claim for violations of the IDEA. Although Dragomir conclusorily states that B.D. has been denied a FAPE, she has not explained in what manner the Defendants have done so. Nor has she made allegations specific to each individual defendant. Although she makes a general statement in the objection that B.D. did not receive services during the summer and received a false report card, those allegations were limited to the §§1983 and 1985 claims.[4] The most that may be gleaned from the Complaint is that prior to 2008 the child was progressing towards the goals stated in her IEPs but thereafter, she did not do so. Nonetheless, Dragomir does not state in what manner this was caused by the Defendants as opposed, for example, by the child's disability. Schaffer *ex rel.* Schaffer v. Weast, 546 U.S. 49, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005) (Under the IDEA, a parent who challenges the adequacy of an IEP bears the burden of proof.). Nor has Dragomir alleged or shown that the IEPs were unlawful under the IDEA. Houston Indep.

---

[4]In any event, these are conclusory statements with insufficient factual detail to warrant an assumption of truth. Francis, 588 F.3d at 193.

Sch. Dist. v. Bobby R., 200 F.3d 341, 349 (5th Cir. 2000), *certiorari denied* 531 U.S. 817, 121 S.Ct. 55, 148 L.Ed.2d 23 (2000); Board of Educ. of County of Kanawha v. Michael M., 95 F.Supp.2d 600 (S.D.W.Va. 2000).

It appears, although it is not alleged, that because of the lack of progress, B.D. was removed from a regular classroom and provided with additional special education. To the extent that Dragomir complains that B.D. should not have been so removed, there is absolutely nothing in the Complaint alleging in what manner this decision was violative of the IDEA; and, although Dragomir at times used the phrase "stay put" in the Complaint, nothing more is offered to explain in what manner the Defendants may have violated the "stay-put" provision of the IDEA.[5] 20 U.S.C. §1415; Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (The court "'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'"). Dragomir's complaint is replete with "'naked assertions' of wrongdoing" without any "'factual enhancement'" sufficient "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis, 588 F.3d at 193 (citations omitted). To the extent Dragomir alleged facts at all, they are insufficient for the Court to do anything more than infer "the mere possibility

---

[5]Indeed, from the wording used, the Court is unsure what Dragomir meant by the term "stay-put."

14

of misconduct." Id.

Dragomir attached reams of exhibits to her Complaint, however, "'[j]udges are not like pigs, hunting for truffles buried in briefs.'"[6] Teague v. Bakker, 35 F.3d 978, 985 n.5 (4th Cir. 1994), *certiorari den*ied 513 U.S. 1153, 115 S.Ct. 1107, 130 L.Ed.2d 1073 (1995), *quoting* United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). The Complaint does not articulate a cause of action under the IDEA and the Court is not obligated, even for a *pro se* litigant, to comb through volumes of documents searching for claims. Id. The Complaint contains Dragomir's "unadorned conclusory allegations," "naked assertions" of wrongdoing by the Defendants and rambling allegations disconnected to any legal theory. Giacomelli, 588 F.3d at 193. Nor is the Court obligated to accept the inferences drawn by Dragomir since they are unsupported by any facts set out in the Complaint. Id. Indeed, the Complaint "mentioned no specific time, place or person involved" in the alleged deprivation and "a defendant seeking to respond to plaintiff's conclusory allegations ... would have little idea where to begin." Twombly, 127 S.Ct. At 1971 n.10.

---

[6]Dragomir's attachment of voluminous exhibits to her pleadings appears to have been done to harass the Defendants and borders on sanctionable conduct. Indeed, her filings have caused considerable inconvenience to the court system.

## CONCLUSION

The Court will adopt the Magistrate Judge's recommendation to dismiss the §1983 and §1985 claims raised by Dragomir on behalf of B.D. for lack of standing. The Court will dismiss such claims raised by Dragomir individually with prejudice because the Complaint fails to state claims upon which relief may be granted and because such claims are precluded by the statutory scheme set forth in the IDEA.

The Court will dismiss the IDEA claims asserted by Dragomir individually with prejudice for failure to state a claim upon which relief may be granted. To the extent that Dragomir sought to state a claim on behalf of B.D. pursuant to the IDEA, the Court will dismiss such claims without prejudice for lack of standing. This will avoid any prejudice to B.D. in the event that an attorney represents the minor in the future.

The Court cautions Dragomir against making any future filings of frivolous documents whether in the form of pleadings or voluminous exhibits. Federal Rule of Civil Procedure 11 provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it-- an ... unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

> needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

The failure of a *pro se* litigant to abide by the directives of Rule 11 may result in the imposition of sanctions against that party. A sanction imposed under this rule may include nonmonetary directives, such as a pre-filing injunction or an order to pay a penalty into court or an order directing payment to the opposing party of attorney's fees and other expenses directly resulting from the violation of the Rule. Fed.R.Civ.P. 11(c)(4).

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. The Motion to Dismiss by Defendant Alexa Posny [Doc. 12] for failure to state a claim is hereby **GRANTED**;

2. The Motion to Dismiss [Doc. 23] (Fed.R.Civ.P. 12(b)(6)) of Defendant the Buncombe County Board of Education and Defendant Jana Griggs is hereby **GRANTED**;

3. The Motion to Dismiss [Doc. 25] (Fed.R.Civ.P. 12(b)(1)) of Defendant the Buncombe County Board of Education and Defendant Jana Griggs is hereby **DENIED** as moot;

4. The Motion to Dismiss on Behalf of Defendant Mann [Doc. 27] for failure to state a claim is hereby **GRANTED**;

5. The Motion: Entry of Default [Doc. 32] of Dragomir is hereby **DENIED** as moot;

6. The Motion to Dismiss of Defendant Congressman George Miller [Doc. 36] for failure to state a claim is hereby **GRANTED**; and

7. The Defendant Mary Watson's Motion to Dismiss [Doc. 42] for failure to state a claims is hereby **GRANTED**;

and to the extent other relief is sought in these motions, it is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED** with prejudice in its entirety as to Heidi Dragomir.

**IT IS FURTHER ORDERED** that because Heidi Dragomir lacked standing to bring an action on behalf of the minor child B.D. pursuant to 42

U.S.C. §§1983 and 1985, those claims are hereby **DISMISSED** without prejudice. To the extent that any such claim is not precluded by the IDEA, it may be asserted by B.D. only through a guardian *ad litem* who is either an attorney or who is represented by an attorney or by B.D. upon reaching her majority.

**IT IS FURTHER ORDERED** the this action is hereby **DISMISSED** without prejudice as to any claim of the minor child B.D. pursuant to the IDEA. Any such claim may be asserted by B.D. only through a guardian *ad litem* who is either an attorney or who is represented by an attorney or by B.D. upon reaching her majority.

Signed: July 12, 2010

Martin Reidinger
United States District Judge